UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE HODO,<br><br>        Petitioner,<br><br>   v.<br><br>K. ALLISON, Warden, et al.,<br><br>        Respondents. | 1:11-cv-01555-JLT HC<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 21, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 11).

On September 6, 2011, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (Doc. 1). On September 14, 2011, the case was transferred to this Court. (Doc. 7).

Petitioner challenges the California court decisions upholding a December 8, 2009, decision of the California Board of Parole Hearings ("BPH"). Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the record.

I. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 6, 2011, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of life with the possibility of parole imposed in 1983 in the Los Angeles County Superior Court. (Doc. 1, p. 2). Petitioner does specify the nature of the

underlying conviction for which he was sentenced. Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the December 8, 2009 decision of the BPH finding him unsuitable for parole, arguing that the BPH's denial of parole suitability denied Petitioner his federal due process rights, and also constituted cruel and unusual punishment under the 8th Amendment.

A. Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the claims in the petition sound exclusively in substantive federal due process and therefore are not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v.

Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout forecloses *any claim* premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, ground one sounds exclusively in substantive due process and is therefore foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or "arbitrary and capricious" grounds by BPH, or for the BPH's exclusive reliance upon the circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, ground one of the petition must be summarily dismissed.

Moreover, to the extent that the claim rests solely on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B. Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing. (Doc. 2, Part 2, p. 71 et seq.). From that transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 71), that he had an opportunity to be heard (e.g.,), that he was represented by counsel who also attended the hearing

1  and argued on Petitioner's behalf (e.g., Doc. 2, Part 3, pp. 64-67), and that Petitioner received a
2  statement of the Board's reasons for denying parole. (Doc. 2, Part 3, pp. 69-Part 4, p. 9).
3       According to the Supreme Court, this is "the beginning and the end of the federal habeas
4  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.
5  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, ground
6  one in the instant petition does not present a cognizable claim for relief and should be summarily
7  dismissed.
8      C.  Cruel and Unusual Punishment.
9       In ground two, Petitioner attempts to elevate the allegations in ground one into a violation of
10  the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner argues that
11  because the BPH based its denial of parole suitability on considerations that are not adequate and/or
12  legal, it appears that BPH will never grant Petitioner parole, regardless of the effort Petitioner makes
13  to rehabilitate himself. (Doc. 1, p. 7). Petitioner further contends that the BPH is not fairly applying
14  the standard set forth by the California Supreme Court, citing cases that pre-date Swarthout, such
15  that Petitioner will never be released from prison. (Id.).
16       Initially, the Court notes that ground two alleges cruel and unusual punishment in only a
17  peremptory manner in the petition itself. In Petitioner's 23-page legal memorandum filed along with
18  his petition, Petitioner argues at length regarding ground one but provides no further argument
19  regarding ground two. Broad, conclusory allegations of unconstitutionality are insufficient to state a
20  cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d
21  1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the
22  petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999),
23  *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional
24  principles, such as due process, equal protection, and the right to a fair trial, are insufficient to
25  establish exhaustion). Here, Petitioner's "drive-by" Eighth Amendment allegation does not provide
26  sufficient supporting facts and details to sustain a federal habeas claim premised upon cruel and
27  unusual punishment.
28       Assuming, arguendo, however, that ground two's allegation was sufficient to state a habeas

1  claim, the claim must still fail because it is predicated entirely on this Court's evaluation of the
2  "some evidence" rule, which is foreclosed by Swarthout.  Ultimately, Petitioner's Eighth
3  Amendment claim, i.e.,  that his incarceration constitutes cruel and unusual punishment, derives
4  from the assumption that the BPH's denial of parole suitability at his December 8, 2009 hearing, was
5  in fact, unlawful.  Obviously, if the BPH's decision were not unlawful, then ground two must
6  necessarily fail.

       However, the Court need not parse the rather tenuous connection between the Eighth Amendment and the due process clause asserted here by Petitioner since, in order to squarely address Petitioner's Eighth Amendment claim, *as framed by Petitioner*, the Court must necessarily address the substantive due process claim that underlies it.  As discussed previously, the United States Supreme Court has made it abundantly clear that, apart from procedural due process issues not implicated in this petition, the Court has no authority to address the substantive due process issues that form the legal underpinning of ground two.  Without the authority to address such issues, Petitioner's Eighth Amendment claim must fail.  Accordingly, the Court will summarily dismiss the petition as failing to raise claims for which habeas relief can be provided.

       Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 29, 2011**                              **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE